# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>            Plaintiff,<br><br>    v.<br><br>WARDEN CORCORAN STATE PRISON, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:05-cv-01284-LJO-YNP PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS<br><br>(Doc. 28)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at the California State Prison in Corcoran, California ("CSP-Corcoran") and the Substance Abuse Treatment Facility and State Prison in Corcoran, California ("SATF-CSP") at the time the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff names 36 prison officials and health care professionals as defendants, as well as 10 "Doe" defendants. For the reasons set forth below, the Court finds that Plaintiff states a cognizable claim against Defendants Montgomery, Babb, Spears, Bhatt, Kappa, and Jane Doe for the violation of Plaintiff's rights under the Eighth Amendment. The Court finds that Plaintiff's remaining claims are unrelated and cannot be brought together in a single lawsuit under the Federal Rules of Civil Procedure. The Court recommends that these claims be dismissed without prejudice.

///

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

   **A.     Procedural Background**

Plaintiff filed the original complaint in this action on October 11, 2005. (Doc. #1.) Plaintiff filed a motion to amend his complaint on January 11, 2006 (Doc. #8) and filed a first amended complaint on March 13, 2006 (Doc. #13). Plaintiff's motion to amend was granted on July 18, 2006.

1  (Doc. #18.) On December 12, 2006, Plaintiff filed a motion to exclude his first amended complaint
2  and serve Defendants with his original complaint. (Doc. #21.) Plaintiff's motion was granted and
3  his original complaint was screened on November 28, 2007. (Doc. #26.) Some of Plaintiff's claims
4  were dismissed and Plaintiff was given leave to file an amended complaint. Plaintiff filed an
5  amended complaint on December 13, 2007. (Doc. #28.) This action proceeds on Plaintiff's
6  December 13, 2007 amended complaint.

**B.  Factual Background**

Plaintiff is an African-American inmate currently housed at the California State Prison in Corcoran, California ("CSP-Corcoran"). Plaintiff's complaint also describes events that occurred at his previous prison, the California Substance Abuse Treatment Facility and State Prison in Corcoran, California ("SATF-CSP").

On March 12, 2003, unknown officers from the Investigative Service Unit ("ISU") took Plaintiff to the shower and stripped searched him for contraband. (Compl. ¶ 5.) Plaintiff's cell was also searched but no contraband was found. (Compl. ¶ 5.) On March 13, 2003, Plaintiff's stomach and pelvic area was x-rayed for contraband, but none was found. (Compl. ¶ 6.) Defendant Montgomery would not reveal the reasons for the searches to Plaintiff. (Compl. ¶ 7.) On March 14, 2003, Defendants Montgomery, Babb, Spears, and Doe "focused" their pepper spray cans at Plaintiff. (Compl. ¶ 8.) The officers escorted Plaintiff to an office and threatened Plaintiff with physical harm if he did not tell them where he hid the drugs they were looking for. (Compl. ¶ 8.) Plaintiff told the officers that he did not hide any drugs. (Compl. ¶ 8.) Plaintiff was then given another round of x-rays. (Compl. ¶ 9.) Defendant Bhatt told Montgomery that no drugs were found. (Compl. ¶ 10.) Montgomery then ordered Bhatt to give Plaintiff an enema. (Compl. ¶ 11.) Montgomery ordered Babb, Spears and Doe to escort Plaintiff to the clinic. (Compl. ¶ 12.) Defendant Kappa administered the enema, which was done in the presence of females working in the clinic. (Compl. ¶ 15.) No contraband was found during the search. (Compl. ¶ 15.)

Plaintiff filed a complaint against Defendants Kennedy, Phillips, Montgomery, Babb and Spears on March 14, 2003. (Compl. ¶ 16.) It is unclear why Plaintiff filed a complaint against Kennedy or Phillips, as Plaintiff does not allege that they participated in any of the searches.

1   Plaintiff alleges that Kennedy and Phillips retaliated against Plaintiff because of the complaint on
2   March 16, 2003. (Compl. ¶ 17.) Phillip told Plaintiff that he received information from confidential
3   sources that Plaintiff would be stabbed if he remained in the general population yard. (Compl. ¶ 17.)
4   As a result, Plaintiff was placed in the administrative segregation unit ("ASU") on March 17, 2003.
5   (Compl. ¶ 17.)

6        After Plaintiff was placed in the ASU, he went to an initial classification committee ("ICC")
7   meeting. (Compl. ¶ 18.) Defendant Stokton told Plaintiff that he had no safety concerns on "3B
8   yard," but that Plaintiff would receive a new lock-up order because of Plaintiff's complaint against
9   staff for sexual assault and misconduct. (Compl. ¶ 18.) Plaintiff was told that he must either stay
10  in the ASU for his own safety or withdraw the complaint. (Compl. ¶ 18.) Plaintiff chose to
11  withdraw his complaint. (Compl. ¶ 18.) Plaintiff alleges that prison officials conspired with the
12  Kings County district attorney, Defendant Ronald L. Calhoun, to initiate false criminal charges
13  against Plaintiff on May 18, 2003 in retaliation for his complaint against prison officials. (Compl.
14  ¶ 19.)

15        Plaintiff's complaint also describes a number of other, unrelated incidents. Plaintiff alleges
16  that he was subjected to excessive force and was given a false rules violation report by Defendants
17  Tomes, Rangel, Pyle, Tyner, Valenzuela, Gonzalez, Mobert, L. L. Wood, Vella, Sherman, Scribner,
18  Mariscal, Does, Talisman, Syedud, and Leos. On another occasion, Plaintiff alleges that his serious
19  medical needs were ignored by Defendants Thanit Hsadsri, John D. Klarich, C. Love, R. Lerma, Jane
20  Doe, K. Thirakomen, and Chan. Plaintiff also describes another incident where his medical needs
21  were ignored and his prison grievances were ignored by Defendants Erica Casanova, Scott, Smith,
22  J. Rivas, W. J. Hill, D. Stocman, J. P. Cordova, Tomes, Pyle, Rangel, Buckly, Richard Turner, and
23  Jennie Porter.

24  **III.   Discussion**

25      **A.   Unrelated Claims**

26        Plaintiff's complaint describes multiple unrelated incidents that involved different sets of
27  defendants and occurred at two different prisons. The basic lawsuit is a single claim against a single
28  defendant. The Federal Rules of Civil Procedure allow a litigant to join multiple claims against

1  multiple parties in a single lawsuit in certain situations.  Federal Rule of Civil Procedure 18(a)
2  allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.
3  Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where
4  the right to relief arises out of the same "transaction, occurrence, or series of transactions.  However,
5  unrelated claims that involve different defendants must be brought in separate lawsuits.  See George
6  v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is not only intended to avoid confusion that
7  arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their
8  lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation
9  Reform Act.[1]  28 U.S.C. § 1915(g).

10  Plaintiff's first claim is that he was subjected to harassing searches by Defendants
11  Montgomery, Babb, Spears, Bhatt, Kappa, and Jane Doe.  Plaintiff may raise his claims against
12  Montgomery, Babb, Spears, Bhatt, Kappa, and Jane Doe in a single lawsuit under Rule 20(a) because
13  the alleged right to relief arises out of the same series of transactions--the harassing searches.
14  Federal Rule of Civil Procedure 18(a) also allows Plaintiff to consolidate any other claims he has
15  against Defendants Montgomery, Babb, Spears, Bhatt, Kappa, and Jane Doe in a single lawsuit.

16  Plaintiff's next claim is that he was retaliated against by Defendants Kennedy and Phillips
17  for filing a complaint about the harassing searches.  Plaintiff's attempt to consolidate both claims
18  in a single lawsuit is not permitted by the Federal Rules of Civil Procedure.  The two incidents
19  involve different sets of defendants and the two incidents did not arise from the same "transaction,
20  occurrence, or series of transactions."  The facts needed to be proven for his harassing searches
21  claims are distinct from the facts needed to be proven for his retaliation claims.  Thus, the claims
22  must be raised in separate lawsuits.

23  Similarly, Plaintiff's remaining claims are unrelated to his harassing searches claim. Plaintiff
24  describes an incident where prison officials used excessive force against him, naming Tomes,
25  Rangel, Pyle, Tyner, Valenzuela, Gonzalez, Mobert, L. L. Wood, Vella, Sherman, Scribner,
26  Mariscal, Does, Talisman, Syedud, and Leos as defendants.  Plaintiff describes an incident where

---

[1] The Prison Litigation Reform Act allows prisoners to file complaints without prepayment of the filing fee unless they have previously filed three frivolous suits as a prisoner.  28 U.S.C. §1915(a),(g).

5

prison officials ignored his serious medical needs, naming Thanit Hsadsri, John D. Klarich, C. Love, R. Lerma, Jane Doe, K. Thirakomen, and Chan as defendants. Plaintiff also describes a separate incident where prison officials were deliberately indifferent to his medical needs, naming Erica Casanova, Scott, Smith, J. Rivas, W. J. Hill, D. Stocman, J. P. Cordova, Tomes, Pyle, Rangel, Buckly, Richard Turner, and Jennie Porter as defendants. These incidents did not arise from the same "transaction, occurrence, or series of transactions" as Plaintiff's claims that he was subjected to harassing searches. The incidents do not involve the same defendants. Therefore, the Court finds that Plaintiff may not raise these claims in a single lawsuit.

The Court will recommend that this action proceed on Plaintiff's claims that Defendants Montgomery, Babb, Spears, Bhatt, Kappa, and Jane Doe subjected Plaintiff to harassing searches in violation of the Eighth Amendment. Plaintiff's remaining claims will be dismissed without prejudice. If Plaintiff wishes to pursue any of those claims, Plaintiff is advised that he must do so in a separate lawsuit.

**B.     Eighth Amendment Claims**

Plaintiff claims that his rights under the Eighth Amendment were violated by Defendants Montgomery, Babb, Spears, Bhatt, Kappa, and Jane Doe when they strip searched, x-rayed and performed an enema procedure on Plaintiff in search of contraband. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate

indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff claims that he was strip searched and x-rayed by Defendants who believed Plaintiff was hiding drugs. Plaintiff was not told why he was being searched. The strip search, x-rays, and search of Plaintiff's cell did not reveal any contraband. Plaintiff was then subjected to an enema procedure, which Plaintiff claims was unnecessary and painful. Further, Plaintiff alleges that the emotional pain was compounded by the fact that prison officials chose to perform the enema procedure publicly in front of female prison staff. Plaintiff states a cognizable claim against prison officials who maliciously subjected him to unnecessary physical and emotional pain from the enema procedure. The Court finds that Plaintiff states a cognizable claim against Defendants Montgomery, Babb, Spears, Bhatt, Kappa, and Jane Doe for the violation of Plaintiff's rights under the Eighth Amendment.

## IV.   Conclusion and Recommendation

Plaintiff's complaint states cognizable claims against Defendants Montgomery, Babb, Spears, Bhatt, Kappa, and Jane Doe for violating Plaintiff's rights under the Eighth Amendment by subjecting Plaintiff to unnecessary and harassing searches. However, Plaintiff's other claims are factually unrelated to Plaintiff's harassing searches claim and involve different defendants. Thus, Plaintiff's other claims may not be raised in the same lawsuit. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's December 13, 2007 amended complaint against Defendants Montgomery, Babb, Spears, Bhatt, Kappa, and Jane Doe for the violation of Plaintiff's rights under the Eighth Amendment; and

2. Plaintiff's remaining claim be dismissed, without prejudice, for being improperly joined under the Federal Rules of Civil Procedure.

///

1  These Findings and Recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days
3  after being served with these Findings and Recommendations, any party may file written objections
4  with the Court and serve a copy on all parties.  Such a document should be captioned "Objections
5  to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served
6  and filed within ten days after service of the objections.  The parties are advised that failure to file
7  objections within the specified time may waive the right to appeal the District Court's order.
8  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9
10  IT IS SO ORDERED.
11  **Dated:   January 27, 2010**               /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE