# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | CASE NO. 1:05-cv-01284-LJO-SKO PC |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | (Doc. 45) |
| WARDEN CORCORAN STATE PRISON, et. al., | and |
| Defendants. | ORDER DENYING MOTION |
| | (Doc. 48) |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On September 21, 2010, the Court ordered Plaintiff to show cause why the unserved defendants in this action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). When the order to show cause was issued, Defendants Montgomery, Babb, Spears, Bhatt, Kappa, and Jane Doe had not yet been served.

Since the order to show cause was issued, a waiver of service was returned executed as to Defendant Babb. Defendant Babb filed an answer to Plaintiff's complaint on November 4, 2010. (Doc. #53.) However, the Court has received unexecuted summonses as to Defendants Montgomery, Spears, Bhatt, Kappa, and Jane Doe. (Docs. #44, 47.)

Plaintiff filed a response to the order to show cause on October 12, 2010. Plaintiff contends that the U.S. Marshal "did not do its job by serving each defendants or its perspective[sic] employers." (Show of Cause Why Not to Dismiss Claims Against Each Defendants 1, ECF No. 49.)

1

Plaintiff argues that the "U.S. Marshall[sic] failed to inform Plaintiff that Defendants Montgomery, Babb, Spears, Bhatt, Kappa and Jane Doe can not be found or located at state job and why not!" (Show of Cause 1, ECF No. 49.) Plaintiff argues that these Defendants should not be dismissed until Plaintiff can conduct discovery to determine the Defendants' true names and home addresses. Plaintiff has also filed a motion for Discovery and Court Order to Provide Correct Mailing Addresses of Each Defendants." (Doc. #48.) Plaintiff's motion is also labeled as a "request for discovery." (Motion for Discovery and Court Order to Provide Correct Mailing Addresses of Each Defendants 1, ECF No. 48.)

Pursuant to Federal Rule of Civil Procedure 4(m), courts have broad discretion to extend the time for service. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). The Court will provide Plaintiff with an extension of time to obtain the names and addresses of the unserved defendants through the discovery process.

However, Plaintiff's motion will be denied. Plaintiff is advised that discovery is generally a self-executing process. Discovery requests are served directly on the opposing parties; they are not sent to the Court. Plaintiff is also advised that the Court will not conduct an investigation on Plaintiff's behalf to determine the names and addresses of the unserved defendants; Plaintiff is responsible for ascertaining their names and addresses.

Additionally, there is no indication that the U.S. Marshal's "did not do its job," as Plaintiff contends. The unexecuted summonses indicate that the U.S. Marshal conducted an investigation as to the unserved defendants' whereabouts by asking the litigation coordinator at the prison and searching the "CDC Locator" for updated information. The litigation coordinator informed the U.S. Marshal that the unserved defendants were no longer employed at the address provided by Plaintiff and there was no information in the "CDC locator" regarding the current whereabouts of the unserved defendants. The Court will not order the California Department of Corrections and Rehabilitation ("CDCR") or Corcoran State Prison to provide current addresses for each defendant because it is apparent from the unexecuted summonses that the U.S. Marshal has made the relevant inquiries and was told that there was no information available. By all indications, any further attempt to obtain the unserved defendants' names and addresses through Corcoran State Prison or

CDCR would be futile.

Plaintiff is advised to review Federal Rules of Civil Procedure 26-37 and Federal Rule of Civil Procedure 45 to determine the proper discovery methods for obtaining the information he seeks. Plaintiff will be given ninety (90) days from the date of service of this order to conduct the necessary discovery to determine the unserved defendants' names and current addresses. If Plaintiff does not provide the Court with updated information regarding the unserved defendants' whereabouts within ninety (90) days, the Court will recommend that the unserved defendants be dismissed.

Based on the foregoing, it is HEREBY ORDERED that:

1. The September 21, 2010 order to show cause is DISCHARGED;
2. Plaintiff's October 12, 2010 motion is DENIED; and
3. Plaintiff is granted ninety (90) days from the date of service of this order to provide the Court with updated contact information for Defendants Montgomery, Spears, Bhatt, Kappa, and Jane Doe.

IT IS SO ORDERED.

**Dated:   December 8, 2010**          /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE