# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>                    Plaintiff,<br><br>        v.<br><br>MONTGOMERY, et al.,<br><br>                    Defendants.<br>_____ / | CASE NO. 1:05-cv-01284-LJO-BAM PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS KAPPA AND SPEARS SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO SERVE |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint, filed December 13, 2007, against Defendants Montgomery, Babb, Spears, Bhatt, Kappa, and Doe for violation of the Eighth Amendment.  On August 20, 2010, the United States Marshal returned the summons and USM-285 form for Defendants Kappa, Bhatt, and Montgomery, unexecuted.  (ECF No. 44.)  The Marshal attempted to secure a waiver of service but was unsuccessful in locating the defendants at Corcoran State Prison.  The Court issued an order to show cause why defendants should not be dismissed for failure to effect service of process which was discharged following Plaintiff's response.  (ECF Nos. 45, 49, 56.)

On April 8, 2011, a second order directing the United States Marshall to serve Defendants Bhatt, Kappa, Montgomery, and Spears issued.  (ECF No. 62.)  On May 2, 2011, the summons and USM-285 form for Defendants Kappe and Spears were returned, unexecuted.  (ECF No. 63.)  The Marshal attempted to secure a waiver of service but was unsuccessful in locating Defendants Kappe or Spears at Corcoran State.  On August 16, 2011, an order issued directing the United States

Marshal to seek the assistance of the Legal Affairs Division of the CDCR in serving Defendants Kappa and Spears. (ECF No. 66.) On October 3, 2011, the summons for Defendant Montgomery was returned, executed. (ECF No. 72.) On October 6, 2011, the summons for Defendant Bhatt was returned, executed. (ECF No. 73.) On October 19, 2011, the summons for Defendants Kappa and Spears were returned unexecuted, stating that two attempts by the Office of Legal Affairs had been made to locate each defendant and there was no evidence of employment. (ECF No. 77.)

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). Although Plaintiff is not proceeding in forma pauperis, the Court ordered that the United States Marshall serve the summons and the complaint. "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, in this action Plaintiff has failed to provide information sufficient for the United States Marshal to identify the person to be served. The Court will provide Plaintiff with the opportunity to show cause why Defendants Kappa and Spears should not be dismissed from this action at this time for failure to effect service.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendants Kappa and Spears should not be dismissed from this action,

1 | without prejudice, pursuant to Rule 4(m); and

2. The failure to respond to this order or the failure to show cause will result in Defendants Kappa and Spears being dismissed from this action, without prejudice.

IT IS SO ORDERED.

Dated:   **October 21, 2011**              /s/ **Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE