# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MONTGOMERY, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | CASE NO. 1:05-cv-01284-LJO-BAM PC<br><br>ORDER DISMISSING DEFENDANTS KAPPA AND SPEARS FOR FAILURE TO EFFECT SERVICE OF PROCESS |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed December 13, 2007, against Defendants Montgomery, Babb, Spears, Bhatt, Kappa and Doe for violation of the Eighth Amendment.

On October 21, 2011, an order issued requiring Plaintiff to show cause why Defendants Kappa and Spears should not be dismissed from this action due to Plaintiff's failure to provide information sufficient to identify the person to be served. Plaintiff was specifically advised that pursuant to Federal Rule of Civil Procedure 4(m), the court may, on its own motion, after notice to Plaintiff, dismiss a defendant who has not been served within 120 days after the complaint has been filed. Plaintiff was also advised that, so long as he provides the United States Marshal with the information necessary to identify the defendant, good cause exists to extend the time for service set out in Rule 4(m). Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)) abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). On June 8, 2011, Plaintiff filed a response stating that Defendants

1 Kappa and Spears should not be dismissed because he has provided sufficient information to identify
2 them. (ECF No. 79.)

3     In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the
4 Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro
5 se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the
6 summons and complaint and . . . should not be penalized by having his action dismissed for failure
7 to effect service where the U.S. Marshal or the court clerk has failed to perform his duties . . . ."
8 Walker, 14 F.3d at (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)). As long as the
9 plaintiff has provided "information necessary to identify the defendant, the marshal's failure to effect
10 service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United
11 States, 902 F.2d 598, 603 (7th Cir. 1990). However, where a pro se plaintiff fails to provide the
12 Marshal with accurate and sufficient information to effect service of the summons and complaint,
13 the court's dismissal of the unserved defendants is appropriate.

14     On August 20, 2010, the United States Marshal returned the summons and USM-285 form
15 for Defendants Kappa, Bhatt, and Montgomery, unexecuted. (ECF No. 44.) The Marshal attempted
16 to secure a waiver of service but was unsuccessful in locating the defendants at Corcoran State
17 Prison. The Court issued an order to show cause why defendants should not be dismissed for failure
18 to effect service of process which was discharged following Plaintiff's response. (ECF Nos. 45, 49,
19 56.) On April 8, 2011, a second order directing the United States Marshall to serve Defendants
20 Bhatt, Kappa, Montgomery, and Spears issued. (ECF No. 62.) On May 2, 2011, the summons and
21 USM-285 form for Defendants Kappe and Spears were returned, unexecuted. (ECF No. 63.) The
22 Marshal attempted to secure a waiver of service but was unsuccessful in locating Defendants Kappe
23 or Spears at Corcoran State.

24     On August 16, 2011, an order issued directing the United States Marshal to seek the
25 assistance of the Legal Affairs Division of the CDCR in serving Defendants Kappa and Spears.
26 (ECF No. 66.) On October 19, 2011, the summonses for Defendants Kappa and Spears were
27 returned unexecuted, stating that two attempts by the Office of Legal Affairs had been made to locate
28 each defendant and there was no evidence of employment. (ECF No. 77.) The Court does not find

1 good cause to order the Marshal to make a fourth attempt at service.

2       Accordingly, Defendants Kappa and Spears are HEREBY DISMISSED from this action,
3 without prejudice, for Plaintiff's failure to effect service pursuant to Federal Rule of Civil Procedure
4 4(m).

7 IT IS SO ORDERED.

8 **Dated:   November 10, 2011**　　　　　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE