# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONTGOMERY, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-01284-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS PROCEDURALLY DEFICIENT<br><br>(ECF No. 90, 92) |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed December 13, 2007, against Defendants Bhatt and Montgomery for subjecting Plaintiff to unnecessary and harassing searches.[1]  (ECF No. 35.)  An amended discovery and scheduling order issued on December 9, 2009, and this action is currently in the discovery stage. (ECF No. 82.)  On June 7, 2012, Plaintiff filed a motion to compel discovery.  (ECF No. 90.) Defendants filed an opposition on June 29, 2012.  (ECF No. 92.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ.

---

[1] On November 10, 2011, Defendants Kappa and Spears were dismissed from this action for Plaintiff's failure to effect service of process.  (ECF No. 80.)

1

P. 33(b)(4).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not meritorious.

In his motion to compel, Plaintiff states that he is moving for an order requiring Defendants to produce all documentation per 52050.26 Department Operations Manual and Federal Rules of Civil Procedure 33 and 34 in response to his five requests for production of documents. (Motion to Compel 1-2, ECF No. 90.) Plaintiff alleges that Defendants have failed to turn over evidence claiming they do not have the CDCR Operational Manual Policies and Records of 52050.26. (Id. at 2.)

Defendants oppose the motion contending it is not meritorious because the information requested in Plaintiff's motion to compel is different than what he propounded in his requests for production, the requests demand that Defendants create documents, and there is no legal authority, analysis or admissible evidence to support his motion. (Opp. 1-2, ECF No. 92.) Additionally, defense counsel states that a lengthy telephonic conference with Plaintiff was conducted and Plaintiff was informed that despite a diligent search, the items he seeks have not been located. (Id. at 2.)

As the moving party, Plaintiff bears the burden of informing the Court not only which discovery requests are the subject of his motion to compel but, for each disputed response, why Defendant's objection is not justified. Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling responses. In this instance Plaintiff has failed to identify which specific requests for production he seeks additional response to, and the Court declines to wade through his seventy pages of exhibits in an attempt to discover if he has propounded these requests. Plaintiff's motion to compel shall be denied on the ground that it is procedurally deficient. However, since the deadline for filing a motion to compel is imminent, the Court shall grant Plaintiff thirty days in which to file a motion to compel that complies with this order.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery, filed June 7, 2012, is DENIED; and
2. Plaintiff shall be granted thirty days from the date of service of this order, in which to file a motion to compel.

IT IS SO ORDERED.

Dated:  July 23, 2012         /s/ Barbara A. McAuliffe
                              UNITED STATES MAGISTRATE JUDGE