# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>MONTGOMERY, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-cv-01284-LJO-BAM PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT DOE SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO SERVE<br><br>THIRTY-DAY DEADLINE |

    Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed December 13, 2007, against Defendants Montgomery, Babb, Bhatt, and Doe for violation of the Eighth Amendment.[1] On October 4, 2012, the United States Marshal returned the summons and USM-285 form for Defendant Doe, unexecuted. (ECF No. 47) The Marshal attempted to secure a waiver of service but was unsuccessful in locating the unidentified defendant at the California Substance Abuse Treatment Facility.

    Following an order to show cause issuing, an order was filed on April 8, 2011, informing Plaintiff that the United States Marshal was unable to serve the unidentified defendant, and he would need to file an amended complaint once he discovered the identity of Defendant Doe. (ECF No. 62.) Pursuant to the amended discovery and scheduling order, filed December 9, 2011, the deadline to file an amended complaint was June 8, 2012. (ECF No. 82.) Plaintiff has not filed an amended

---

[1] On November 10, 2011, Defendants Kappa and Spears were dismissed from this action for Plaintiff's failure to effect service of process. (ECF No. 80.)

1

complaint identifying Defendant Doe.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). Although Plaintiff is not proceeding in forma pauperis, the Court ordered that the United States Marshall serve the summons and the complaint. "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).

However, in this action Plaintiff has failed to provide information sufficient for the United States Marshal to identify the person to be served. The Court will provide Plaintiff with the opportunity to show cause why Defendant Doe should not be dismissed from this action at this time for failure to effect service.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Doe should not be dismissed from this action, without prejudice, pursuant to Rule 4(m); and

///

///

///

1    2.    The failure to respond to this order or the failure to show cause will result in doe
2          being dismissed from this action, without prejudice.
3    IT IS SO ORDERED.
4    Dated:   **August 2, 2012**              **/s/ Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE