UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>    Plaintiffs,<br><br>    v.<br><br>A.K. SCRIBNER, *et al.*,<br><br>    Defendants.<br>_____ / | Case No. 1: 05-cv-01284-LJO-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS ON THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br>(Doc. 85, 98, 109)<br><br>THIRTY DAY DEADLINE |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff alleges defendants Sergeant Montgomery, Officer Babb and Dr. Bhatt (collectively, "Defendants") subjected Plaintiff to an unnecessary and painful enema procedure in violation of the Eighth Amendment's prohibition on cruel and unusual punishments. Currently before the Court are the parties' cross-motions for summary judgment on Plaintiff's Eighth Amendment claim. (Doc. 85, 98.) Having carefully considering the parties' briefs and the entire record in this case, the Court recommends that Plaintiff's and Defendants' Motions for

Summary Judgment be DENIED.[1]

## I.   BACKGROUND

From December 6, 2002 to present, Plaintiff has been an inmate at the California State Prison in Corcoran, California ("CSP-Corcoran").  (Plaintiff's Statement of Undisputed Facts ("Pl.'s SUF"), ¶ 1.)  At all times relevant to this lawsuit, Defendants Sergeant Montgomery and Officer Babb worked in the Investigative Services Unit at CSP-Corcoran.  (Defendant's Statement of Undisputed Facts ("Def.s' SUF"), ¶ 2, Doc. 98, Attach. 3.) The Investigative Services Unit at CSP-Corcoran is responsible for investigating misdemeanor and felony crimes occurring at the prison, including but not limited to drug offenses.  (Def.s' SUF ¶ 4.)  Defendant Dr. Bhatt worked as a physician and surgeon at CSP-Corcoran.  (Def.s' SUF ¶ 3.)

In March of 2003, Plaintiff was suspected to be in possession prohibited contraband.  (Def.s' SUF 29, 39.)  On March 12, 2003, Plaintiff's person and prison cell were searched.  No contraband was found.  (Pl.'s SUF ¶ 3.) On March 13, 2003, Plaintiff was again searched; this time by way of x-ray to determine if Plaintiff was concealing contraband through oral or rectal ingestion.  *Id.*  No contraband was found as a result of the March 13 search.  *Id.*

On March 14, 2003, Plaintiff was encountered by Defendant Babb in the shower.  Defendant Babb and two other officers handcuffed Plaintiff and wrapped duct-tape around Plaintiff's waist and thighs.  (Pl.'s Decl., ¶ 3.)  Plaintiff was escorted by Defendant Babb and two other individuals to the CSP-Corcoran Medical Hospital, where Plaintiff's mid-section was x-rayed to determine if he was concealing contraband in his rectum.[2]  (Pl.'s SUF ¶ 4.)  Dr. Bhatt reviewed the x-ray, which did not reveal any contraband.  (Def.s' SUF ¶ 7.)  Following evaluation of the x-ray, Defendants ordered a

---

[1] In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.  The Court has also considered the objections filed by Plaintiff on January 22, 2013, and his motion for 90-day extension is denied as moot.

[2] These other individuals, previously designated as co-defendants, were dismissed for Plaintiff's failure to effect service of process.  (Doc. 80, 95.)

2

"Force Fleet Enema Stat" to further investigate whether Plaintiff had concealed contraband in his rectum.[3]  (Pl.'s Dec., ¶¶ 6-7, Doc. 87.)  Pursuant to CSP-Corcoran protocol, a physician may order an enema when an x-ray does not reveal contraband because "[s]ome plastics can be detected in x-rays, but it is possible for objects inside plastic bags to not be visible in x-rays."  (Def.s' SUF ¶ 23-24.)  Plaintiff was escorted to a "yard clinic" where three officers, including Defendant Babb, held Plaintiff over a mop bucket, removed Plaintiff's boxer shorts, and forcibly administered an enema.  (Pl.'s SUF ¶ 13.)  Plaintiff alleges this "sexual assault" caused damage to Plaintiff's rectum and constitutes cruel and unusual punishment under the Eighth Amendment.[4]

## II.   DISCUSSION

### A.   Legal Standard on Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a) summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and movant is entitled to judgment as a matter of law. Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (19 86). However, the court is to liberally construe the filings and motions of pro se litigants. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2 010). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotations and citations omitted).

---

[3] The parties dispute whether Dr. Bhatt or Sargent Montgomery ordered the enema. *Compare,* Def.s' SUF ¶¶ 23-25, *with* Pl.'s Decl.¶¶ 6-7.
[4] Plaintiff's original complaint additionally described multiple other unrelated incidents involving various other defendants.  After multiple screenings pursuant to 28 U.S.C. 1915A(a) and amended complaints, the only remaining claim in this lawsuit is Plaintiff's cruel and unusual punishment claim under the Eighth Amendment "against prison officials who maliciously subjected him to unnecessary physical and emotional pain from the enema." (Doc. 34.)  Thus, while the allegations concerning the March 12th and 13th searches may be relevant towards whether the March 14, 2003 enema search was appropriate, the March 12th and 13th searches are not independently actionable Eighth Amendment claims.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (19 86). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record for consideration. *Carmen v. San Francisco Unified School Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2 001). The Court will not undertake to scour the record for triable issues of fact. *Simmons v. Navajo County, Arizona,* 609 F.3d 1011, 1017 (9th Cir. 2 010).

**B.     Eighth Amendment Analysis**

    **1.     Legal Standard**

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Jordan v. Gardner*, 986 F.2d 1521, 1525 (9th Cir.1993) (en banc) (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)) (internal quotation marks omitted). The alleged pain may be physical or psychological. *See, e.g., Jordan*, 986 F.2d 1521.  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). )  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ...: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 998 (1992). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. *Wilkins v. Gaddy*, 559 U.S. 34, 130 S. Ct. 1175, 1178 (2010). However, [n]ot

4

every malevolent touch by a prison guard gives rise to a federal cause of action. *Wilkins*, 130 S. Ct. at 1179 (quoting *Hudson*, 503 U.S. at 9, 112 S. Ct. at 1000). Factors that can be considered are the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted. *Whitley,* 475 U.S. at 321, 106 S. Ct. at 1085; *Marquez v. Gutierrez*, 322 F.3d 689, 692 (9th Cir. 2003). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. *Wilkins*, 130 S. Ct. at 1178-79; Hudson, 503 U.S. at 7, 112 S. Ct. at 999.

A contraband search may fall under the constitutional protections of the Eighth Amendment "[i]f the search were conducted for purposes unrelated to security considerations" or otherwise is not reasonably related to a legitimate penological need. *Buckley v. Alabama,* 2012 WL 6570430 (E.D. Cal. 2012), citing *Tribble v. Gardner,* 860 F.2d 321, n.6 (9th Cir. 1988). A contraband search in the absence of security reasons warrants an inference of an intent to punish. *See Tribble v. Gardner,* 860 F.2d 321, 325 n. 6 (9th Cir.1988); *see also Meriwether v. Faulkner*, 821 F.2d 408, 418 (7th Cir.1987) ("The Eighth Amendment's prohibition against cruel and unusual punishment stands as a protection from bodily searches which are maliciously motivated, unrelated to institutional security, and hence 'totally without penological justification.'"). In *Bell v. Wolfish*, the Supreme Court observed that a search conducted in an abusive fashion "cannot be condoned .... [and therefore,] ... must be conducted in a reasonable manner." *Bell v. Wolfish,* 441 U.S. 520, 560, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

"Rectal searches are highly intrusive and humiliating." *Tribble v. Gardner,* 860 F.2d 321 (9th Cir. 1988). Indeed, "rectal searches are one of the most intrusive methods of detecting contraband." *Id.* at 325. To substantiate a rectal search, "the government must show that a legitimate penological need necessitated the search." *Id.* Without a legitimate penological need, such sexual contact is "simply not part of the penalty that criminal offenders pay for their offenses against society" *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000), and "is deeply offensive to human dignity." *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991). Therefore, where uninvited sexual contact is totally without penological justification, even though it does not produce serious injury, it results in the gratuitous infliction of suffering, which violates contemporary standards of decency and the Eighth Amendment. *See Calhoun v. Detella*, 319 F.3d 936, 939 (7th Cir. 2003).

### 2. Summary Judgment Is Inappropriate on Plaintiff's Eighth Amendment Claims

Neither party is entitled to summary judgment on Plaintiff's Eighth Amendment claim. While Plaintiff is adamant the enema search was maliciously undertaken, Plaintiff does not offer any evidence to support his claim other than the circumstances of the enema search itself. Additionally, Plaintiff does not offer any evidence or argument addressing whether the enema search – assuming it was appropriate in the first instance -- was carried out in a reasonable manner.

Similarly, Defendants offer conclusory evidence that the enema search was motivated strictly by legitimate penological concerns. Defendants offer no evidence to substantiate their suspicion that Plaintiff possessed or concealed any kind of contraband. Defendants merely state that "[i]t was medically appropriate for Plaintiff to undergo an enema because of concerns that he had drugs stored in his rectum." Def.s' SUF 29. Defendants, however, do not provide evidence for their suspicion. For instance, they do not identify any individual who suspected Plaintiff was in possession of contraband, nor do Defendants attempt to explain the basis for any such suspicion. Without such evidence, a reasonable trier of fact could conclude, given the circumstances surrounding administering the enema, that the enema procedure was done for purposes unrelated to security. The concern that Plaintiff *may* possess contraband, without presenting any articulable evidence towards him, does not justify the "highly intrusive and humiliating" act of a forced enema. *Tribble*, 860 F.2d at 324.

Additionally, Defendants have not offered any evidence to suggest that, even assuming the enema search was in furtherance of legitimate penological interests, the enema search was carried out in a reasonable manner. Defendants state that "Dr. Bhatt expected appropriate medical staff to then implement his order to ensure that an enema was properly administered to Plaintiff." Def.s' SUF ¶ 30. Defendants offer no argument or evidence concerning the manner in which the enema was *actually* carried out. Dr. Bhatt's "expectation" that the enema would be carried out in a reasonable manner does not allow this Court to conclude that, as a matter of law, the administration of the enema was carried out in a reasonable manner. For instance, there is no evidence that the search was conducted by medical personnel in a professional, hygienic setting.

/////

Plaintiff has raised issues of fact that the rectal enema was carried out by force, over a bucket, in a non-private environment, with arguably abusive or humiliating conduct, and caused injury. A reasonable trier of fact could conclude that such conduct violated the Eighth Amendment, even if a legitimate penological need to search existed. Indeed, a triable issue of fact exists as to whether the forced enema search of Plaintiff was the product of legitimate penological interests or was maliciously motivated by an intent to punish. Accordingly, neither party is entitled to summary judgment on Plaintiff's Eighth Amendment claim.

### 3. Defendants Montgomery's and Babb's Participation in the Searches

Defendants argue that Montgomery and Babb are entitled to summary judgment because they neither administered nor ordered the enema; thus, even if an Eighth Amendment violation took place, Montgomery and Babb were not involved in the violation.

The extent of Montgomery's and Babb's involvement in the circumstances surrounding Plaintiff's Eighth Amendment allegations is a disputed issue of fact. Defendants contend the undisputed evidence demonstrates Defendant Montgomery lacked the authority to order the enema and Babb was not the individual who administered the enema. However, Plaintiff unequivocally states Defendant Montgomery instructed Dr. Bhatt to write the enema order. *Compare,* Def.s' SUF ¶¶ 23-25, *with* Pl.'s Decl.¶¶ 6-7. This is a disputed issue of fact. Similarly, Defendants do not dispute that Officer Babb physically restrained Plaintiff while the enema was forcibly administered. Defendants offer no argument or authority suggesting this level of participation in the administration of the enema precludes culpability for Babb. Accordingly, the evidence before the Court demonstrates disputed issues of fact concerning the levels of involvement by Defendants Montgomery and Babb in the events giving rise to Plaintiff's Eighth Amendment allegations.

### 4. Plaintiff Has Exhausted His Administrative Remedies

Defendants argue that Plaintiff has not exhausted his administrative remedies against Dr. Bhatt because Plaintiff's administrative complaint and related documents make no mention of Dr. Bhatt. Plaintiff responds he referred to Dr. Bhatt in his administrative complaints, but referred to him as "doctor" because Plaintiff was unaware of Dr. Bhatt's real name at that time.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions [under

section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion of available remedies is mandatory, *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo,* 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Where a prison's grievance procedures do not specify the requisite level of factual specificity required in the grievance, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). The grievance need not include legal terminology or legal theories unless they are needed to provide notice of the harm being grieved. *Id*. Nor must a grievance include every fact necessary to prove each element of an eventual legal claim. *Id*. The purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. *Id.*

Plaintiff has exhausted his administrative remedies against Dr. Bhatt. While Plaintiff does not refer to Dr. Bhatt by name, he specifically refers to a "doctor" who was involved in taking Plaintiff's x-rays and signed off on the apparent need for an enema. The administrative appeal thus provided "enough information ... to allow prison officials to take appropriate responsive measures." *Griffin*, 557 F.3d at 1121 (quoting *Johnson v. Testman*, 380 F.3d, 691, 697 (2d Cir. 2004)); *see also, Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, ... the grievance is not a summons and complaint that initiates adversarial litigation")).

**5.     Defendants Are Not Entitled To Qualified Immunity as a Matter of Law**

Defendants also assert a qualified immunity defense. The qualified immunity doctrine "protects government officials who perform discretionary functions from civil liability, as long as 'their conduct does not violate clearly established statutory or constitutional rights of which a

1  reasonable person would have known.'" *Morgan,* 465 F.3d at 1044 (quoting *Harlow v. Fitzgerald*, 457
2  U.S. 800, 818 (1982)). "When a public official asserts qualified immunity from liability, the district
3  court must determine whether, in light of clearly established principles governing the conduct in
4  question, the official objectively could have believed that his conduct was lawful." *Osolinski,* 92 F.3d
5  at 936.  The Court first inquires whether, "[t]aken in the light most favorable to the party asserting the
6  injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz,*
7  533 U.S. 194, 201 (2001). If so, the second inquiry addresses whether the right was "clearly
8  established such that a reasonable government official would know that 'his conduct was unlawful in
9  the situation he confronted[.]'" *Morgan,* 465 F.3d at 1044.

10  Based on the evidence currently before the Court, Defendants are not entitled to qualified
11  immunity as a matter of law.  Taken in the light most favorable to Plaintiff, the circumstances of
12  Plaintiff's enema search indicates a potential Eighth Amendment violation.  Defendants have not
13  presented any evidence to identify the genesis of their suspicion that Plaintiff possessed contraband.
14  The undisputed evidence shows that Plaintiff was searched on three consecutive days, including
15  multiple searches of his person, his cell, two x-rays; ultimately culminating in an enema forced on an
16  inmate without the medical assistance over a mop bucket.  Defendants never found any contraband.
17  Under these circumstances, there is a genuine dispute of material fact as to whether a reasonable
18  correctional officer would have believed his conduct was lawful.

### Findings & Recommendations

20  Based on the foregoing, the Court RECOMMENDS that Plaintiff's Motion for Summary
21  Judgment be DENIED.  The Court further RECOMMENDS that Defendants' Motion for Summary
22  Judgment be DENIED.

23  These findings and recommendations are submitted to the United States District Judge
24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being
25  served with these findings and recommendations, any party may file written objections with the court
26  /////
27  /////
28  /////

and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

  Dated: __**August 20, 2013**__                  /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE