UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>A. K. SCRIBNER, et al.,<br><br>    Defendants. | Case No.: 1:05-cv-01284-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR AN INJUNCTION TO BE TRANSFERRED OUT OF CSATF CSP#11 DAVITA INC. HEALTH CARE AND CSP #1 CUSTODY (ECF No. 114)<br><br>THIRTY-DAY DEADLINE |

    Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's allegations that Defendants Montgomery, Babb and Bhatt subjected him to an unnecessary and painful enema procedure in violation of the Eighth Amendment's prohibition against cruel and unusual punishments.

    On September 26, 2013, Plaintiff filed the instant motion requesting an emergency transfer from the California Substance Abuse Treatment Facility ("CSATF") to a medical facility and adequate law library. Plaintiff claims that his life-sustaining hemodialysis has been obstructed out of retaliation, racial discrimination and reprisals, preventing him from adequately litigating multiple civil rights actions in this court. Plaintiff reports that he has terminated his consent to be treated at CSATF for fear of his life. Plaintiff states that he was physically assaulted on February 26 and August 18, 2013. Plaintiff also reports that he has been denied legal copies, paper and supplies to further his civil

litigation.  For the reasons that follow, the Court recommends that Plaintiff's request for emergency injunctive relief be denied.

First, Plaintiff's address of record is Kern Valley State Prison.  Although Plaintiff's moving papers include an address at Corcoran State Prison, the Court cannot determine whether Plaintiff has been transferred to CSATF or Corcoran State Prison or if he merely receives treatment at a CSATF clinic as referenced in his moving papers.

Second, Plaintiff is not alleging that any of the defendants are denying him life-saving medical care.  Rather, Plaintiff has informed this Court that he has terminated his consent to be treated at the CSATF clinic for his renal condition.  (ECF No. 114, pp. 1, 2.)

Third, Plaintiff alleges that he has been unable to secure legal copies and necessary supplies to further his civil litigation, particularly in times of emergency hospital care.  (ECF No. 114, pp. 2, 3, 5.)  However, Plaintiff has not identified any pending deadlines requiring his attention or other concrete injury.  Plaintiff also had not identified any issues relating to his civil actions that could not be addressed through a request for an extension of time.  See Fed. R. Civ. P. 6(b).

Fourth, and finally, this action does not provide a basis for the requested injunctive relief.  Plaintiff requests to be transferred to another facility because of alleged retaliation against him.  The Court lacks jurisdiction to issue an order requiring prison officials to transfer him based on alleged retaliatory acts taking place after this action was filed as the Court does not have such a case or controversy before it in this action.  See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58, 70 L.Ed.2d 700 (1982); Rushdan v. Hamkar, 2012 WL 5943131, *1 (E.D. Cal. Nov. 27, 2012) (noting that court lacked jurisdiction over how prisons handled transfers and that prisoners do not have constitutional right to be housed at a particular prison); Benyamini v. Manjuano, 2011 WL 4963108, *1 (E.D. Cal. Oct. 18, 2011) (denying prisoner's request to be transferred to another prison because he was being retaliated against by officers where he was housed); Picart v. Enonmeh, 2011 WL 3954117, *1 (E.D. Cal. Sept. 7, 2011) (denying prisoner's motion seeking an order transferring him to a medical facility in light of his current medical condition

as beyond the court's jurisdiction because it would not remedy the underlying claims involved in the action).  Further, prisoners do not have a constitutional right to be housed at a particular prison. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).  Plaintiff may wish to pursue his request for transfer through the channels and procedures available to him at his current facility.

Based on the above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an injunction to be transferred be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 16, 2013**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE