1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  JAMISI JERMAINE CALLOWAY,                  )  Case No.: 1:05-cv-01284 -LJO-BAM PC
                                               )
12            Plaintiff,                       )  **SECOND SCHEDULING ORDER**
                                               )
13       v.                                    )  **ORDER REQUIRING PARTIES TO NOTIFY**
                                               )  **COURT WHETHER THEY CONSENT TO**
14  A. K. SCRIBNER, et al.,                    )  **MAGISTRATE JUDGE JURISDICTION**
                                               )  **WITHIN THIRTY DAYS**
15            Defendants.                       )
                                               )
16                                             )  **ORDER DIRECTING CLERK'S OFFICE TO**
                                               )  **SEND LOCAL RULE 281 TO PLAINTIFF**
17                                             )
                                               )  Telephonic Trial Confirmation
18                                             )  Hearing:      January 17, 2014, at 8:30 a.m. in
                                               )  Courtroom 4 (LJO)
19                                             )
                                               )
20                                             )  Jury Trial:   February 25, 2014, at 8:30 a.m. in
                                               )  Courtroom 4 (LJO)
21                                             )

22       Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se and in

23  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

24  Plaintiff's first amended complaint, filed on December 13, 2007, against Defendants Montgomery,

25  Babb and Bhatt for violation of the Eighth Amendment.  Discovery in this action has closed and the

26  parties' cross-motions for summary judgment have been denied.  Accordingly, pursuant to Rule 16(b)

27  of the Federal Rules of Civil Procedure, the Court now sets a further schedule for this litigation.

28

1

The parties are required to file pretrial statements in accordance with the schedule set forth herein.  In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses.  The procedures and requirements for making such a showing are outlined in detail below.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily  -  An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court.  The Court will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file concurrent with the pretrial statement a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or

1    (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective

2    witness, in which the witness states that he or she is willing to testify without being subpoenaed.

3          The prospective witness's actual knowledge of relevant facts can be shown in one of two ways:

4    (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an

5    ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time,

6    Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the

7    cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that

8    the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed

9    under penalty of perjury by the prospective witness in which the witness describes the relevant facts to

10   which the prospective witness was an eye or ear witness.  Whether the declaration is made by the party

11   or by the prospective witness, it must be specific about the incident, when and where it occurred, who

12   was present, and how the prospective witness happened to be in a position to see or to hear what

13   occurred at the time it occurred.

14         The Court will review and rule on the motion for attendance of incarcerated witnesses,

15   specifying which prospective witnesses must be brought to court.  Subsequently, the Court will issue

16   the order necessary to cause the witness's custodian to bring the witness to court.

17         Motions for the attendance of incarcerated witnesses, if any, must be filed on or before

18   December 20, 2013.  Oppositions, if any, must be filed on or before January 3, 2014.

19         2.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify

20   Voluntarily  -  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify

21   voluntarily, the party should submit with his pretrial statement a motion for the attendance of such

22   witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in

23   the motion that the incarcerated witnesses are not willing to testify voluntarily.

24         3.      Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to

25   Testify Voluntarily  -  It is the responsibility of the party who has secured an unincarcerated witness's

26   voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or

27   obtained from the Court.

28

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        4.        Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to

Testify Voluntarily  -  If a prospective witness is not incarcerated, and he or she refuses to testify

voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party

seeking the witness's presence must tender an appropriate sum of money for the witness.  Id.  In the

case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00

plus the witness's travel expenses.  28 U.S.C. § 1821.

        If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse

to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each

unincarcerated witness.  The Court will calculate the travel expense for each unincarcerated witness

and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order

made payable to the witness for the full amount of the witness's travel expenses plus the daily witness

fee of $40.00.  The subpoena will not be served upon the unincarcerated witness by the United States

Marshal unless the money order is tendered to the Court.  Because no statute authorizes the use of

public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is

required even if the party was granted leave to proceed in forma pauperis.

        If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify

voluntarily, Plaintiff must submit the money orders to the Court no later than January 17, 2014.  In

order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names

and locations of his witnesses, in compliance with step one, on or before December 6, 2013.

        The parties are advised that failure to file pretrial statements as required by this order may

result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of

default.

        Finally, the Court shall direct the Clerk's Office to provide the parties with consent/decline

forms.  Within **thirty (30) days** from the date of service of this order, the parties shall inform the

Court whether they consent to or decline Magistrate Judge jurisdiction by filling out the forms and

returning them to the Court. The following is important information about scheduling and trailing

cases:

4

1    District Court Judges of the Fresno Division of the Eastern District of California now have the

2    heaviest caseload in the nation. As a result, each District Judge schedules multiple trials to begin on

3    each available trial date. Civil cases will trail and begin as soon as a courtroom is cleared. The law

4    requires that the Court give any criminal trial priority over civil trials or any other matter. A civil trial

5    set to begin while a criminal trial is proceeding will trail the completion of the criminal trial.

6    The Court cannot give advance notice of which cases will trail or for how long because the

7    Court does not know which cases actually will go to trial or precisely how long each will last. Once

8    your trial date arrives, counsel, parties and witnesses must remain on 24-hour-stand-by until a court

9    opens. Since continuance to a date certain will simply postpone, but not solve, the problem,

10   continuances of any civil trial under these circumstances will no longer be entertained, absent a

11   specific and stated finding of good cause. The Court will use its best efforts to mitigate the effect of

12   the foregoing and to resolve all cases in a timely manner.

13   One alternative is for the parties to consent to a United States Magistrate Judge conducting all

14   proceedings, including trial and entry of final judgment, pursuant to 28 U.S.C. § 28 U.S.C. 636(c),

15   Federal Rule of Civil Procedure 73, and Local Rule 305. The Eastern District Magistrate Judges, all

16   experienced former trial lawyers, use the same jury pool and same court facilities as United States

17   District Court Judges. Since Magistrate Judges do not conduct felony trials, they have greater

18   flexibility and schedule firm trial dates. Judgment entered by a United States Magistrate Judge is

19   appealable directly to the United States Court of Appeal for the Ninth Circuit. (While there are

20   scheduling benefits to consenting to Magistrate Judge jurisdiction, substantive rulings and decisions

21   will not be affected by whether a party chooses to consent or not.)

22   As another response to its large caseload, the Fresno Division of the Eastern District of

23   California is assigning cases, whenever possible, to Article III District Court Judges from around the

24   nation as Visiting Judges. Pursuant to the Local Rules, Appendix A, such reassignments will be

25   random, and the parties will receive no advance notice before their case is reassigned to an Article III

26   District Court Judge from outside of the Eastern District of California.

27   ///

28   ///

1      Accordingly, the Court HEREBY ORDERS as follows:

2      1.     This matter is set for telephonic trial confirmation hearing before the Honorable

3 Lawrence J. O'Neill on January 17, 2014, at 8:30 a.m. in Courtroom 4;

4      2.     This matter is set for jury trial before the Honorable Lawrence J. O'Neill on February

5 25, 2014, at 8:30 a.m. in Courtroom 4;

6      3.     Counsel for Defendants is required to arrange for the participation of Plaintiff in the

7 telephonic trial confirmation hearing and to initiate the telephonic hearing at (559) 499-5680;

8      4.     Plaintiff shall serve and file a pretrial statement as described in this order on or before

9 December 20, 2013;

10      5.     Defendants shall serve and file a pretrial statement as described in this order on or

11 before January 3, 2014;

12      6.     In addition to electronically filing their pretrial statement, Defendants shall e-mail the

13 pretrial statement to: ljoorders@caed.uscourts.gov;

14      7.     If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and

15 file a motion for attendance of incarcerated witnesses as described in this order on or before December

16 20, 2013;

17      8.     The opposition to the motion for the attendance of incarcerated witnesses, if any, shall

18 be filed on or before January 3, 2014;

19      9.     If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to

20 testify voluntarily, Plaintiff must notify the Court of their names and locations on or before December

21 6, 2013, and Plaintiff must submit the money orders, as described in subsection 4 of this order, to the

22 Court on or before January 17, 2014;

23      10.    The Clerk's Office shall send the parties consent/decline forms;

24 ///

25 ///

26 ///

27 ///

28

6

1          11.       Within thirty (30) days from the date of service of this order, the parties shall notify the

2     Court whether they consent to or decline Magistrate Judge jurisdiction by filling out the enclosed

3     forms and returning them to the Court; and

4          12.       The Clerk's Office shall send Plaintiff a copy of Local Rule 281.

5

6     IT IS SO ORDERED.

7
          Dated:    **October 31, 2013**              /s/ *Barbara A. McAuliffe*
8                                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28