UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. K. SCRIBNER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:05-cv-01284-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE AND DENYING PLAINTIFF'S MOTION FOR NINETY-DAY EXTENSION OF TIME<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF EXPERT WITNESSES<br><br>(ECF No. 122.) |

　　　　Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint, filed on December 13, 2007, against Defendants Montgomery, Babb and Bhatt for violation of the Eighth Amendment. On November 1, 2013, the Court issued a Second Scheduling Order setting a jury trial in this matter for February 25, 2014. The Second Scheduling Order also set forth the procedures for obtaining witnesses and included a copy of Local Rule 281 regarding the preparation of pretrial statements. (ECF Nos. 119, 119-2.)

　　　　On November 22, 2013, Plaintiff filed the instant motion requesting the appointment of counsel or, in the alternative, an extension of the dates in the Second Scheduling Order so that Plaintiff

1

1  may search for adequate counsel.  Plaintiff also requests the appointment of an expert psychiatrist, an
2  expert psychologist and a private investigator.  (ECF No. 122.)  The Court finds a response
3  unnecessary and the motion is deemed submitted.  Local Rule 230(l).

### I.    Request for Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir.), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases from indigent prisoners with no legal experience almost daily.  Although plaintiff indicates that he is a renal patient undergoing hemodialysis and has a mental and physical disability, there is no indication that he will be unable to represent himself at trial.  The fact that plaintiff was appointed counsel to pursue an unrelated appeal does not provide a basis for the appointment of counsel in this matter. Based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Rand, 113 F.3d at 1525.  Further, at this juncture, the court cannot make a determination that plaintiff is likely to succeed on the merits of his claim at trial.

For these reasons, Plaintiff's request for the appointment of counsel shall be denied without prejudice.

///

### II.     Request for Extension of Second Scheduling Order

If the court declines his request for appointment of counsel, Plaintiff seeks an extension of the Second Scheduling Order for ninety days to allow him to search for adequate counsel. (ECF No. 122, p. 4.)  Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id. The focus of the inquiry is upon the moving party's reasons for seeking modification. Id.

Here, Plaintiff's desire to search for adequate counsel is not good cause to extend the trial and related dates set in this matter. As indicated in the Second Scheduling Order, District Court Judges of this division have the heaviest caseload in the nation and continuances of any civil trial will no longer be entertained, absent a specific and stated finding of good cause. Therefore, Plaintiff's request for a continuance shall be denied.

### III.    Request for the Appointment of Experts

Plaintiff also requests that the court appoint an expert psychiatrist, an expert psychologist and a private investigator to assist him in preparing for trial.

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed. . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. . . ." Fed. R. Evid. 702.

Plaintiff does not explain why he seeks the appointment of expert witnesses. However, Plaintiff indicates that he seeks the appointment of a private investigator to assist him in gathering

information and possible further discovery. (ECF No. 122.) Based on this information, it appears that Plaintiff seeks the appointment of expert witnesses to assist him at trial. However, Rules 706 and 702 are not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses. Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D. Cal. 2012). Rule 706 also does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. Brooks v. Tate, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state prisoner in section 1983 action); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party).

There is no indication that a neutral expert will be required to assist the trier of fact in this matter. Plaintiff's allegations relating to physical injury and psychological and emotional distress are not so complicated as to require the appointment of an expert witness to assist the Court and/or a jury. Brooks, 2013 WL 4049043 at *1. The crux of Plaintiff's constitutional claim is that Defendants subjected him to an unnecessary and painful enema procedure in violation of the Eighth Amendment's prohibition on cruel and unusual punishments. A trier of fact does not require the appointment of psychological and psychiatric experts to make such a determination. Plaintiff's request for the appointment of experts and a private investigator shall be denied.

### IV. Conclusion and Order

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for the appointment of counsel is DENIED without prejudice;
2. Plaintiff's request for an extension of the Second Scheduling Order is DENIED; and
3. Plaintiff's motion for the appointment of expert witnesses and a private investigator is DENIED.

IT IS SO ORDERED.

Dated: **December 2, 2013**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE