1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    JAMISI JERMAINE CALLOWAY,          )   Case No.: 1:05-cv-01284-BAM PC
                                          )
12                   Plaintiff,           )   ORDER GRANTING PLAINTIFF'S MOTION TO
                                          )   MODIFY DECEMBER 4, 2013 AMENDED
13         v.                             )   SECOND SCHEDULING ORDER TO CONTINUE
                                          )   TRIAL DATE AND PRETRIAL DEADLINES
14    A. K. SCRIBNER, et al.,             )   (ECF No. 135)
                                          )
15                   Defendants.          )
                                          )   ORDER DENYING PLAINTIFF'S MOTION FOR
16                                        )   EXTENSION OF TIME TO COMPLY WITH
                                          )   COURT ORDERS AS MOOT (ECF No. 137)
17    _____     )

18         **I.    Background**

19         Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding with counsel in

20    this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended

21    complaint, filed on December 13, 2007, against Defendants Montgomery, Babb and Bhatt for

22    violation of the Eighth Amendment.  Discovery in this action has closed and the parties' cross-motions

23    for summary judgment have been denied.  The parties have consented to the jurisdiction of the United

24    States Magistrate Judge.

25         On December 4, 2013, the Court issued an Amended Second Scheduling Order.  Pursuant to

26    that Order, the Court set a telephonic trial confirmation hearing for January 16, 2014, and a jury trial

27    for February 25, 2014.  The Court also set pretrial dates related to the filing of pretrial statements and

28

                                            1

the procedures for obtaining the attendance of incarcerated and unincarcerated witnesses.[1]  (ECF No. 127.)

On December 16, 2013, Plaintiff's pro bono counsel filed a notice of appearance in this action. (ECF Nos. 130, 131.)  On November 19, 2013, Defendants designated new counsel from the Attorney General's office, and terminated prior counsel.  (ECF No. 133.)

On December 20, 2013, Plaintiff filed the instant motion to continue the jury trial and pretrial deadlines set by the Amended Second Scheduling Order by 120 days.[2]  (ECF No. 135.)  Defendants opposed the motion on January 9, 2014.  (ECF No. 143.)  The Court finds a reply unnecessary and the motion is deemed submitted.  Local Rule 230.

## II.    Legal Standard

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  If the party was not diligent, the inquiry should end.  Id.

## III.    Discussion

Plaintiff argues that good cause exists to modify the Amended Second Scheduling Order issued on December 4, 2013.  Plaintiff retained counsel to represent him in this case during the week of December 16, 2013.  However, due to Plaintiff's incarceration and recent transfer to the California Health Care Facility in Stockton, Plaintiff's counsel does not believe they can effectively prepare for and represent Plaintiff at the trial scheduled for February 25, 2014.  Since being retained, counsel reportedly has been unable to speak to Plaintiff more than once, and for less than 30 minutes.  (ECF

---

[1]    In compliance with the order, Plaintiff filed his pretrial statement on December 20, 2013, and Defendants filed their pretrial statement on January 3, 2014.  (ECF Nos. 136, 140.)

[2]    On December 26, 2013, Plaintiff, without the assistance of counsel, filed a motion requesting a thirty day extension of time to comply with the Court's Second Scheduling Order dated October 31, 2013.  (ECF No. 119.)  The Court issued an Amended Second Scheduling Order on December 4, 2013.  Currently pending before the Court is a motion to continue the dates set forth in the Amended Second Scheduling Order, which was filed by Plaintiff's newly retained counsel.  Accordingly, Plaintiff's motion, filed on December 26, 2013, is DENIED as moot.

No. 135, p. 6; Declaration of Jason H. Tokoro ¶ 4.)  Plaintiff's counsel also believes that continuance of the trial date and pretrial deadlines is justified because Plaintiff intends to seek the reopening of discovery in this matter.  (ECF No. 135.)

Defendants counter that Plaintiff has not demonstrated good cause to modify the Amended Second Scheduling Order.  Defendants first contend that the appearance of new counsel, by itself, does not constitute good cause to extend the deadlines in this matter as new counsel presumably agreed to represent Plaintiff with full knowledge of the existing trial date.  Defendants note that pro bono counsel have been representing Plaintiff on appeal in Jermisi Jermaine Calloway v. M. Veal, Ninth Circuit No. 13-15605, since August 2013.  (ECF No. 143, Ex. A.)  Defendants further note that their own trial counsel first became involved with this case on December 19, 2013, and will be ready to proceed to trial on February 25, 2014.  Defendants believe that Plaintiff's three attorneys also should be ready to proceed to trial.

Defendants next contend that they will be prejudiced by a continuance of the trial date.  Defendants explain that this action relates to an incident in 2003 and, due to the passage of time, Defendants' memories have faded and pertinent documents are no longer available.  Defendants believe that delaying this action will result in further prejudice.

Having considered the parties' arguments, the Court finds good cause for the brief continuance of the trial and pretrial dates in this matter.  This is particularly true given the difficulty encountered by Plaintiff's counsel in communicating with Plaintiff about the case and preparing the matter for trial.  See, e.g., Rackliffe v. Rocha, 2013 WL 1967674, *1 (E.D. Cal. May 10, 2013) (finding good cause to continue jury trial in section 1983 action based on recent retention of counsel by pro se prisoner and reported difficulties conferring with prisoner).  Moreover, the brief continuance will not result in measurable prejudice to Defendants or to witnesses in a matter that has been pending since 2005.

At this time, the Court declines to consider Plaintiff's anticipated request to reopen discovery.  If Plaintiff seeks to reopen discovery, any motion seeking such relief must be filed within fifteen (15) days of the date of this order.  Said motion should specify the proposed scope of discovery and delineate good cause.

///

3

**IV.     Conclusion and Order**

Based on the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to modify the December 4, 2013 Amended Second Scheduling Order to continue the trial date and pretrial deadlines is GRANTED;

2. This matter is set for a telephonic trial confirmation hearing before the Honorable Barbara A. McAuliffe on May 7, 2014, at 10:00 a.m. in Courtroom 8, at which time a trial date will be selected.  Counsel for the parties shall jointly initiate the telephonic hearing at (559) 499-5789;

3. The parties shall file a joint pretrial statement as described in the Amended Second Scheduling Order, on or before April 23, 2014;

4. In addition to electronically filing the joint pretrial statement, the parties shall e-mail the pretrial statement to:  bamorders@caed.uscourts.gov;

5. If Plaintiff intends to call incarcerated witnesses at the time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses on or before April 9, 2014;

6. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before April 23, 2014;

7. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before April 9, 2014, and Plaintiff must submit the money orders, as described in the Amended Second Scheduling Order, to the Court on or before April 23, 2014; and

8. Plaintiff shall file any motion to reopen discovery within fifteen (15) days of the date of this order.

IT IS SO ORDERED.

Dated:   **January 13, 2014**                    /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE

4