UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>A. K. SCRIBNER, et al.,<br><br>    Defendants. | Case No.: 1:05-cv-01284-BAM PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REOPEN DISCOVERY<br><br>(ECF No. 145)<br><br>SIXTY-DAY DEADLINE |

### I.  Background

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint, filed on December 13, 2007, against Defendants Montgomery, Babb and Bhatt for violation of the Eighth Amendment. Discovery in this action has closed and the parties' cross-motions for summary judgment have been denied. The parties have consented to the jurisdiction of the United States Magistrate Judge.

On December 4, 2013, the Court issued an Amended Second Scheduling Order. Pursuant to that Order, the Court set a telephonic trial confirmation hearing for January 16, 2014, and a jury trial for February 25, 2014. The Court also set pretrial dates related to the filing of pretrial statements and

the procedures for obtaining the attendance of incarcerated and unincarcerated witnesses.  (ECF No. 127.)

On December 16, 2013, Plaintiff's pro bono counsel filed a notice of appearance in this action.  (ECF Nos. 130, 131.)  On November 19, 2013, Defendants designated new counsel from the Attorney General's office, and terminated prior counsel.  (ECF No. 133.)

On December 20, 2013, Plaintiff filed a motion to continue the jury trial and pretrial deadlines set by the Amended Second Scheduling Order for 120 days.  (ECF No. 135.)  On January 14, 2014, the Court granted the motion to modify the Amended Second Scheduling Order and set this matter for a telephonic trial confirmation hearing on May 7, 2010.  Additionally, the Court ordered Plaintiff to file any motion to reopen discovery within fifteen days.  (ECF No. 144.)

On January 29, 2014, Plaintiff filed the instant motion to reopen discovery.  (ECF No. 145.)  Defendants opposed the motion on February 18, 2014, and Plaintiff replied on February 21, 2014.  (ECF Nos. 146, 147.)  The motion is deemed submitted.  Local Rule 230(l).

**II.     Legal Standard**

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  If the party was not diligent, the inquiry should end.  Id.

Courts have permitted the reopening of discovery where a state prisoner proceeding pro se moved to reopen discovery following the appointment or retention of counsel after the discovery cut-off date.  In so doing, courts have considered not only the diligence of the prisoner in pursuing discovery, but also the necessity of additional discovery for trial preparation and for resolution of the matter on the merits.  See, e.g., Draper v. Rosario, 2013 WL 6198945, at *1-2 (E.D. Cal. Nov. 27, 2013) (court permitted pro se prisoner to reopen discovery when he acquired pro bono counsel after the discovery cut-off date; counsel alone did not entitle plaintiff to additional discovery, but limited additional discovery would serve the ultimate resolution of case on the merits); Woodard v. City of

Menlo Park, 2012 WL 2119278, at *1-2 (N.D. Cal. June 11, 2012) (discovery reopened for pro se plaintiff who obtained counsel after the discovery cut-off date, noting that additional fact discovery would serve the interest of justice and the public policy of adjudicating cases on the merits); Henderson v. Peterson, 2011 WL 441206, at *2 (N.D. Cal. Feb. 3, 2011) (court noted that despite pro se plaintiff's discovery efforts, he was unable to gain access to evidence that he might have obtained had he been represented by counsel).

### III. Discussion

#### 1. Plaintiff's Position

Plaintiff moves for a court order (1) modifying the current scheduling order to reopen discovery until May 7, 2014; (2) permitting Plaintiff to serve each defendant with up to 25 interrogatories beyond what has already been served; (3) deposing Defendants Montgomery, Babb and Bhatt; (3) propounding written discovery of 18 new witnesses disclosed in Defendants' pretrial statement; and (4) deposing the newly identified witnesses.

Plaintiff argues that good cause exists to modify the scheduling order and reopen discovery. First, Plaintiff contends that he diligently pursued discovery in this matter, but because of his pro se status and limited resources he was unable to gain access to evidence and information pertinent to his claims, such as the identity of witnesses with discoverable information, documents related to Defendants' searches of Plaintiff, including the forcible enema on March 14, 2013, and documents Defendants intend to use in support of their defenses. Plaintiff further contends that because he proceeded pro se and was incarcerated, he was unable to obtain initial disclosures required by Federal Rule of Civil 26(a) and was unable to take any depositions.

Second, Plaintiff asserts that he was not dilatory in conducting discovery in this matter, having attempted to obtain discovery as best as he could. For instance, Plaintiff served requests for production of documents on all defendants, which included pertinent medical records. Plaintiff's counsel now reports that Plaintiff only received a portion of the medical files and requested documents. (ECF No. 145-1, Declaration of Jason H. Tokoro ("Tokoro Dec."), Ex. B.) Plaintiff also served requests for admissions and interrogatories, but did not receive meaningful responses. (Id., Exs. C, D.)

1  Third, Plaintiff asserts that good cause exists to reopen discovery based on the 18 new
2  witnesses identified in Defendants' pretrial statement, including 10 expert witnesses.  Although
3  Defendants have clarified that they intend to call 11 witnesses at trial, many of them were not
4  identified until the pretrial statement. (ECF No. 145-1, Tokoro Dec. ¶ 5.)  Based on the recent
5  disclosure, Plaintiff believes that Defendants cannot now complain about the reopening of discovery.
6  As a final matter, Plaintiff believes that additional discovery will not prejudice Defendants or
7  delay the proceedings because there is no trial date set in this matter and Defendants will have
8  adequate time to respond to discovery.

          2.  Defendants' Opposition

10  Defendants respond that Plaintiff failed to diligently pursue discovery while proceeding pro se
11  and he is not entitled to additional time simply because he is now represented by counsel.  With regard
12  to depositions, Defendants argue that Plaintiff took no steps to depose any witnesses in this case prior
13  to the close of discovery.  Although Defendants explained the logistics of scheduling a deposition,
14  Plaintiff was not prevented from conducting deposition discovery.  (ECF No. 146, pp. 2-3.)  In other
15  words, Plaintiff did not unsuccessfully attempt to conduct deposition discovery prior to the relevant
16  deadline.
17  With regard to written discovery, Defendants also argue that Plaintiff did not diligently pursue
18  his motion to compel.  On June 7, 2012, Plaintiff filed a motion to compel, which the Court denied as
19  procedurally deficient on July 24, 2012.  (ECF No. 93.)  Although the Court extended the deadline to
20  file a motion to compel, Plaintiff did not re-file his motion.  He also did not request to serve additional
21  written discovery or to exceed the discovery limits imposed by the Federal Rules of Civil Procedure.
22  Thus, Defendants contend that Plaintiff has not established good cause to reopen discovery in this
23  matter.
24  Defendants further argue that the requested discovery is excessive and unnecessary.  First,
25  Defendants indicate that documents from Plaintiff's central file, including his medical records have
26  been provided to Plaintiff's counsel.  (ECF No. 146, p. 4.)  Defendants also report that the testimony
27  of 8 witnesses (CDCR Chief Deputy Warden V. Yamamoto, CDCR Correctional Officer A. Pyle,
28  CDCR Correctional Officer P. Tome, CDCR Sgt. V. Rangel, CDCR Correctional Officer W. Alford,

1  CDCR Psychological Technician R. Dowling, CDCR R. Garrison, LCSW, and CDCR R. Gibson,
2  MSW) likely would be limited to the content of documents they authored.  As result, their depositions
3  would not be necessary.  (ECF No. 146, pp. 4-5.)
4    Defendants next argue that the requested depositions and interrogatories will significantly add
5  to the expense of litigating this matter, causing Plaintiff's attorneys' fees and costs to increase beyond
6  the value of Plaintiff's claimed injury.  As a practical matter, the increased litigation costs would
7  remove any motivation on the part of Defendants to resolve this case on a "cost of defense" basis.
8    3. Plaintiff's Reply
9    Plaintiff replies that he has demonstrated due diligence in pursuing discovery.  He actively
10 pursued written discovery, but was hampered by his pro se and indigent status.  Plaintiff asserts that
11 despite his efforts he was unable to gain access to crucial evidence and information that he would have
12 received had he been represented.  He also did not have the financial means to pursue depositions in
13 this matter.
14   With regard to the requested discovery, Plaintiff contends that his request related to the newly
15 disclosed witnesses is not excessive or surprising.  Per Plaintiff, there is no dispute that these witnesses
16 possess relevant information and there is no indication that their testimony would be limited to the
17 documents that they authored.  As a final matter, Plaintiff essentially asserts that Defendants'
18 arguments regarding settlement are unavailing since Defendants have not demonstrated any
19 motivation to resolve this case.
20   4. Analysis
21   Having considered the parties' arguments, the Court finds good cause to reopen discovery in
22 this action as it will assist in resolution of this matter on its merits.  Plaintiff diligently pursued
23 discovery to the best of his ability given his pro se and indigent status.  In particular, Plaintiff served
24 written discovery, but was unsuccessful in his efforts to compel further responses due to his pro se
25 status.  Such difficulty is evident by his procedurally deficient motion to compel.  (ECF Nos. 90, 93.)
26 Plaintiff also was unsuccessful in conducting depositions given his indigent status.  Although
27 Defendants contend that Plaintiff was not diligent in pursuing depositions because he took no steps to
28 depose any witnesses, Defendants do not identify what steps Plaintiff could have taken to schedule

such depositions. In the absence of financial means, Plaintiff could not have secured an appropriate deposition officer or obtained copies of any deposition transcript. See Fed. R. Civ. P. 30(b)(5), (f)(3). However, once Plaintiff secured representation in this matter, counsel diligently sought to modify the relevant deadlines and to reopen discovery. (ECF Nos. 135, 145.)

The Court does not find that Defendants will be prejudiced by the reopening of discovery. A trial date has not been scheduled in this matter and Defendants will be afforded sufficient time to respond to any permitted discovery. Moreover, the Court finds that the proposed scope of discovery should be narrowed.

### Written Discovery

With regard to written discovery, it appears from Defendants' representations that Plaintiff's counsel has been provided with central file documents and medical records relevant to Plaintiff's claims in this action. There is no indication that further document requests are warranted. Plaintiff also has not established to the Court's satisfaction that an additional 25 interrogatories for each defendant is warranted in conjunction with written discovery propounded on any newly identified witness. Plaintiff previously propounded written discovery on each defendant and any further written discovery should be narrowly tailored to the remaining issues in this matter, namely Plaintiff's allegations that Defendants subjected him to an unnecessary and painful enema procedure in violation of the Eighth Amendment. As such, the Court finds it appropriate to permit Plaintiff to propound ten (10) additional interrogatories to each defendant in this action.

### Deposition Discovery

With regard to deposition discovery, the Court will permit Plaintiff to conduct depositions of Defendants Montgomery, Babb and Bhatt. This additional fact discovery will assist in resolving this matter on its merits. However, conducting depositions of all percipient and expert witnesses identified in Defendants' pretrial statement is excessive.

*Percipient Witnesses*

In addition to Defendants Montgomery, Babb and Bhatt, Defendants have identified 12 additional percipient witnesses, which include 2 custodians of records. Plaintiff does not need to depose the custodians of records. Further, Defendants have indicated that 8 other percipient witnesses

(CDCR Chief Deputy Warden V. Yamamoto, CDCR Correctional Officer A. Pyle, CDCR Correctional Officer P. Tome, CDCR Sgt. V. Rangel, CDCR Correctional Officer W. Alford, CDCR Psychological Technician R. Dowling, CDCR R. Garrison, LCSW, and CDCR R. Gibson, MSW) likely will testify only to the content of documents they authored. These documents have been provided to Plaintiff's counsel. Accordingly, there are only two remaining percipient witnesses appropriate for deposition: (1) CDCR Sgt. T. Gonzalez, and (2) CDCR Sgt. J. Torres. Defendants will be granted leave to conduct the depositions of Sgt. Gonzalez and Sgt. Torres.

*Expert Witnesses*

Defendants have identified 9 expert witnesses.[1] As discussed above, the Court has granted Plaintiff leave to depose Sgt. Gonzalez, who is listed as both a percipient and an expert witness. The remaining eight (8) expert witnesses proposed by Defendants appear to be providing duplicative or cumulative testimony.

According to Defendants' pretrial statement, proposed experts CDCR Bruce Barnett, M.D., and CDCR P. Zuckerman, M.D., are expected to "testify concerning the injuries and treatment caused by the incident of March 14, 2003, documented in the Calloway's medical records, Calloway's pre-existing injuries and conditions, and Calloway's subsequent injuries and conditions." (ECF No. 140, p. 12.) Similarly, proposed experts CDCR Shama Chaiken, Ph.D, CDCR Bret McLaughlin, Ph.D, CDCR B. Becich, Ph.D, CDCR B. Wagner, Ph.D, CDCR R. Garrison, LCSW, and CDCR R. Gibson, MSW, are expected to "testify concerning the injuries and treatment caused by the incident of March 14, 2003, documents in the Calloway's medical records, Calloway's pre-existing injuries and conditions, and Calloway's subsequent injuries and conditions." (ECF No. 140, pp. 12, 13.)

The Court will not permit cumulative testimony at trial. Fed. R. Evid. 403 (court may exclude relevant evidence if its probative value is substantially outweighed by a danger of needlessly presenting cumulative evidence). As such, the parties are directed to meet and confer in good faith to narrow the number of Defendants' experts to be used at trial and to be deposed by Plaintiff. If the parties are unable to reduce the number of Defendants' experts, then Plaintiff shall be given leave to

---

[1] Defendants originally identified 10 expert witnesses. However, they subsequently clarified that Sgt. Torres would testify solely as a percipient witness. (ECF No. 146, p. 5.)

depose all of Defendants' proposed experts listed in the January 3, 2014 pretrial statement. In that event, however, the Court may exercise its discretion to preclude the trial testimony of those expert witnesses not properly identified or limited by Defendants during meet and confer discussions.

### IV. Conclusion and Order

Based on the above, Plaintiff's motion to reopen discovery is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff is granted leave to propound ten (10) additional interrogatories to each defendant in this action;

2. Plaintiff is granted leave to conduct the following depositions: (1) Defendant Montgomery; (2) Defendant Babb; (3) Defendant Bhatt; (4) Sgt. Gonzalez; and (5) Sgt. Torres.

3. Within ten (10) days of the date of this order, the parties are directed to meet and confer in good faith to reduce the number of Defendants' experts to be called at trial and to be deposed by Plaintiff. If the parties cannot reduce the number of Defendants' experts, then Plaintiff is granted leave to conduct the depositions of all proposed experts identified in Defendants' pretrial statement; and

4. The limited discovery outlined above shall be completed within sixty (60) days of the date of this order.

IT IS SO ORDERED.

Dated: **March 27, 2014**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE