# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>              Plaintiff,<br><br>      v.<br><br>A. K. SCRIBNER, et al.,<br><br>              Defendants. | Case No.: 1:05-cv-01284-BAM PC<br><br>ORDER GRANTING STIPULATION TO PROCEED TO MANDATORY SETTLEMENT CONFERENCE AND TO EXTEND DISCOVERY DEADLINES<br><br>(ECF No. 150)<br><br>ORDER SETTING SETTLEMENT CONFERENCE<br><br>**Settlement Conference**:  June 24, 2014, at 10:00 a.m. in Courtroom 9 (SAB) |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 2, 2014, the parties filed a stipulation requesting that this matter be set for a settlement conference and that the deadline to complete discovery in the Court's Order Granting in Part and Denying In Part Plaintiff's Motion to Reopen Discovery (ECF No. 149) be extended to forty-five days from the completion of the settlement conference.

Pursuant to the parties' stipulation, this case will be referred to Magistrate Judge Stanley A. Boone to conduct a settlement conference at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #9 on June 24, 2014, at 10:00 a.m.

A separate writ of habeas corpus ad testificandum will issue concurrently with this order

1    to secure Plaintiff's attendance by videoconference.

2         In accordance with the above, IT IS HEREBY ORDERED that:

3    1.  This case is set for a settlement conference before Magistrate Judge Stanley A. Boone

4        on June 24, 2014, at 10:00 a.m. at the U. S. District Court, 2500 Tulare Street, Fresno,

5        California 93721 in Courtroom #9.

6    2.  Plaintiff will appear at the settlement conference by video conference, from California

7        State Prison, Corcoran, as directed by separate order.

8    3.  A representative with full and unlimited authority to negotiate and enter into a binding

9        settlement shall attend in person.[1]

10   4.  Those in attendance must be prepared to discuss the claims, defenses and damages.

11       The failure of any counsel, party or authorized person subject to this order to appear in

12       person may result in the imposition of sanctions.  In addition, the conference will not

13       proceed and will be reset to another date.

14   5.  Each party shall provide a confidential settlement statement to Sujean Park, ADR

15       Division, 501 I Street, Suite 4-200, Sacramento, California 95814, or by email to

16       spark@caed.uscourts.gov so they arrive no later than June 10, 2014, and file a Notice

17       of Submission of Confidential Settlement Statement (See L.R. 270(d)).

18

19       Settlement statements **should not be filed** with the Clerk of the court **nor served on**

20       **any other party**.  Settlement statements shall be clearly marked "confidential" with

21

22   ---
     [1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the
     authority to order parties, including the federal government, to participate in mandatory settlement
     conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051,

23   1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory
     settlement conference[s].").  The term "full authority to settle" means that the individuals attending the

24   mediation conference must be authorized to fully explore settlement options and to agree at that time to any
     settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648,

25   653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).
     The individual with full authority to settle must also have "unfettered discretion and authority" to change the

26   settlement position of the party, if appropriate.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz.
     2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The

27   purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of
     the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to

28   settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full
     authority to settle.  Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

                                                2

the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a.  A brief statement of the facts of the case.

    b.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c.  A summary of the proceedings to date.

    d.  An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e.  The relief sought.

    f.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    g.  A brief statement of each party's expectations and goals for the settlement conference.

6.  The deadline to complete the discovery set forth in the Court's Order Granting in Part and Denying In Part Plaintiff's Motion to Reopen Discovery (ECF No. 149) is extended to August 8, 2014.

IT IS SO ORDERED.

Dated:  __**May 14, 2014**__            __/s/ *Barbara A. McAuliffe*__
                                          UNITED STATES MAGISTRATE JUDGE